Green, J.
delivered the opinion of the court. •
The act of 1820, ch. 5, exempts turf-racing from the pen--alties inflicted by the statutes against gaming. Match races for short distances not being regarded by sportsmen as turf-racing, the exemption in this act was not considered as extending to such races. The act of 1833, ch. 10, (Comp. Stat. 360,) explanatory of the act of 1820, ch, 5, declares that, “all horse-racing, without regard to the distance which may be run, where the same is run upon a track or path made or kept for the purpose of horse-racing, shall be deemed turf-racing within the meaning of the acts of assembly of this State.” This latter act evidently intended to change the law as it stood only as it regards the distance which may *386 be run. It makes races of only a quarter of a mile turf-racing; but'it does not exempt them from the penalties of the acts against gaming unless they be run “upon a track or path made or kept for the purpose of horse-racing.” The indictment in this case alleges that the race was not run on a “track made or kept for horse-racing:” it is therefore not within the exemption of the act of 1833, and consequently is indictable as though that act had not passed. The legislature never intended to tolerate horse-races gotten up and run at distilleries, grog shops and musters, where the crowds of excited intoxicated persons would render it alike dangerous and demoralizing. Indeed the policy of the exemption of horse-racing from the penalties of the statutes against gaming may all cases be regarded as questionable; and it is the duty of the courts to construe these statutes so as to suppress the mischief of gaming, and consequently to exempt such only as fall within the express provisions of the law.
Reverse the judgment, .and remand the cause for a trial upon its merits.